UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-59 |
| | ) | |
| STEVEN D. ARCHER, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on Defendant Archer's Motion for Discovery and Inspection [Doc. 11], motion styled "Specific Brady Request" [Doc. 12], Motion for Pretrial Notice of Government's Intent to Use 404 (B)-type Evidence [Doc. 13], motion styled "Specific Brady Request No. 2" [Doc. 14], motion styled "Specific Brady Request No. 3" [Doc. 15], Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 16], Motion for Agents, Officers, and Employees to Disclose and Provide Evidence in Their Possession, Custody, or Control to the Prosecuting Attorney [Doc. 17], Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 18], and Motion to Strike Surplusage. [Doc. 19] On July 22, 2009, the parties appeared before the Court for a hearing on the instant motions. Assistant United States Attorney F.M. Hamilton, III, appeared on behalf of the government, and Attorney James A. H. Bell appeared on behalf of the defendant, who was also present. The Court will address each motion in turn.

**I.    Motion for Discovery and Inspection [Doc. 11]**

During the hearing, the defendant announced that this issue was moot. Accordingly, the defendant's Motion for Discovery and Inspection **[Doc. 11]** is hereby **DENIED as moot**.

**II.   Specific Brady Request [Doc. 12], Specific Brady Request No. 2 [Doc. 14], and Specific Brady Request No. 3 [Doc. 15]**

The defendant next moves the Court to compel the government to produce various requested documents and information pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. During the hearing, counsel for the government indicated that the government is aware of, has complied with, and will continue to comply with its responsibilities as to the production of evidence under the Court's Order on Discovery and Scheduling [Doc. 8] and relevant jurisprudence. The defendant agreed that the government had complied with his requests in his second and third requests.

> The Court notes that the Order on Discovery and Scheduling provides that
>
> > [t]he government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 8 at ¶ E] The Order on Discovery and Scheduling further provides that "[t]he government is strongly encouraged to reveal Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials." [Doc. 8 at ¶ O] In light of those directives, and in the absence of some evidence that the government has

2

failed to comply with the Court's Order on Discovery and Scheduling, the defendant's motions styled as Specific Brady Requests **[Docs. 12, 14, 15]** are hereby **DENIED**.

### III. Motion for Pretrial Notice of Government's Intent to Use 404 (B)-type Evidence [Doc. 13]

The defendant next moves the Court to require the government to disclose in advance of trial its intent to use any evidence falling within the scope of Rule 404(b) of the Federal Rules of Evidence. During the hearing, the government indicated that it intends to comply with the Court's Order on Discovery and Scheduling and, if appropriate, will provide notice as required.

The Court notes that the Order on Discovery and Scheduling provides that:

> [u]pon request, the government shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial. Unless otherwise ordered by the Court "reasonable notice" shall be deemed to be seven (7) calendar days before trial.

[Doc. 8 at ¶ I] Thus, the Court has already directed the government to provide the required notice in advance of trial. In light of that directive, the Court finds that the defendant's motion is premature, and therefore is **DENIED**. If a specific issue arises as to the use of 404(b) evidence at trial, the defendant may make the appropriate motion(s) or objection(s) at that time.

### IV. Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 16]

The defendant next moves the Court to compel the government to disclose in advance of trial its intent to use any evidence falling within the scope of Rules 608 and 609 of the Federal Rules of Evidence. The government opposes the motion, arguing that it has disclosed the defendant's

3

criminal history, as required by Rule 16 of the Federal Rules of Criminal Procedure. The government further states that while it currently does not plan to cross-examine the defendant about his criminal history, it will provide notice if that decision changes.

Rule 608 of the Federal Rules of Evidence permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609 outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b). Nor do the Federal Rules of Criminal Procedure require the government to disclose the information at issue. See Fed. R. Crim. P. 12, 16. Accordingly, the Court finds that the defendant's motion **[Doc. 16]** is not well taken, and the same is hereby **DENIED**. If the admissibility of such evidence becomes an issue at trial, the parties shall, out of the presence of the jury, advise the District Court, so that the admissibility of the proposed evidence can be determined.

V.      **Motion for Agents, Officers, and Employees to Disclose and Provide Evidence in Their Possession, Custody, or Control to the Prosecuting Attorney [Doc. 17]**

The defendant next moves the Court to require the government to direct any government agents, police officers, or government employees to disclose and produce any relevant evidence to the prosecuting attorney. The defendant cites no legal authority in support of his request. The government opposes the motion, arguing that it is aware of its discovery obligations, and that it has and will comply with those obligations.

4

The Court's Order on Discovery and Scheduling requires the government to direct its officers and agents to preserve any rough notes relevant to the case. [Doc. 8 at ¶ H] The Court finds that the government's duty to preserve evidence, coupled with the discovery obligations established by the Federal Rules of Criminal Procedure and mirrored by the Court's Order on Discovery and Scheduling, are sufficient to guard against a risk of misplaced evidence. In the absence of some evidence that the government has failed to comply with the Rules and the Court's Order on Discovery and Scheduling, the Court will not require more of the government. Accordingly, the defendant's motion **[Doc. 17]** is hereby **DENIED**.

### VI. Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 18]

The defendant next moves the Court to compel the government to provide written notice of all evidence the defendant is entitled to obtain under the Federal Rules of Criminal Procedure. During the hearing, the parties agreed that the government had produced all the discovery to which the defendant was entitled. Accordingly, the instant motion **[Doc. 18]** is **DENIED as moot**.

### VII. Motion to Strike Surplusage [Doc. 19]

The defendant next moves the Court, pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, to strike the following language from the Indictment as surplusage:

> and the Caucasian fiancée of the African-American person . . . and because the Caucasian fiancée of the African-American person was and had been occupying the dwelling at 110 Foster Road, Heiskell, Tennessee, while associating with her African-American fiancé . . . .

In support of his motion, the defendant argues that the cited language does not constitute a necessary element of the offense and should be stricken. The government opposes the motion, arguing that the cited language does constitute a necessary element of the charged offense and, therefore, the language is appropriate for use in the Indictment.

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). Upon motion of the defendant, "the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The Advisory Committee notes to the rule explain that "[t]his rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Whether to strike surplus language from an indictment is a matter within the sound discretion of the district court. United States v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974). Rule 7(d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." Id. The Sixth Circuit has held that "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." United States v. Moss, 9 F.3d 543, 550 (6th Cir. 1993); United States v. Thomas, 875 F.2d 559, 562 n.2 (6th Cir. 1989).

The Indictment at issue states that:

> On or about July 23, 2008, in the Eastern District of Tennessee, the defendant, STEVEN D. ARCHER, by force and threat of force, willfully intimidated and interfered with, and attempted to intimidate and interfere with an African-American person **and the Caucasian fiancée of the African-American person** because of their race **and because the Caucasian fiancée of the African-American person was and had been occupying the dwelling at 110 Foster Road, Heiskell, Tennessee, while associating with her African-American**

6

> **fiancé**, and because the African-American person was and had been occupying the dwelling at 110 Foster Road, Heiskell, Tennessee, and in committing and attempting to commit such willful intimidation and interference did use and attempt to use fire; that is, the defendant, STEVEN D. ARCHER, on or about July 23, 2008, constructed and then placed a wooden cross on the land outside the dwelling at 110 Foster Road, Heiskell, Tennessee, and set it on fire, in violation of Title 42, United States Code, Section 3631(a).

[Doc. 3 (emphasis added to reflect the language defendant seeks to strike)] The statute the defendant is charged with violating provides, in pertinent part, that:

> [w]hoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with–
>
> (a) any person because of his race, color, religion, sex, handicap (as such term is defined in section 802 of this Act), familial status (as such term is defined in section 802 of this Act), or national origin and because he is or has been selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling, or applying for or participating in any service, organization, or facility relating to the business of selling or renting dwellings; . . .
>
> shall be fined under title 18, United States Code, or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined under title 18, United States Code, or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnaping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under title 18, United States Code, or imprisoned for any term of years or for life, or both.

42 U.S.C. § 3631(a).

In addressing a factually similar case, the United States Court of Appeals for the Eleventh Circuit held that a district court did not err in charging the jury that the government had to prove the following elements of the crime:

> (1) that the defendant used force or threats of force; (2) that he attempted to intimidate or interfere with the victim's right to associate in his or her home with members of another race; (3) that he acted willfully; (4) that he "acted as [he] did because the [victim] was occupying a dwelling [in a particular area] and because [the victim] had there associated with persons of the black race or to prevent them in the future from their association in that house with persons of the black race"; (5) that the victim suffered bodily injury as a result of the offense.

United States v. Wood, 780 F.2d 955, 961 (11th Cir.), cert. denied, 476 U.S. 1184 (1986). The Wood court further found that the statute did apply when the defendants threatened and assaulted a Caucasian woman so as to prevent the Caucasian woman from associating with African-Americans in the Caucasian woman's home. Wood, 780 F.2d at 956-57, 961-62. Similarly, the United States Court of Appeals for the Fifth Circuit has held that the statute applied when defendants fired a shotgun into a residence inhabited by interracial couples in an attempt to discourage the interracial couples from living in the residence and/or continuing their interracial relationships. United States v. Johns, 615 F.2d 672, 675 (5th Cir.), cert. denied 449 U.S. 829 (1980). Though not binding precedent, the Court finds these cases persuasive and adopts the same reasoning herein.

Turning to the instant case, the Court finds that the allegations against the defendant include his alleged attempt to intimidate and interfere with the living arrangements of two people, an African-American male and his Caucasian fiancée. Per Wood and Johns, above, the statute applies equally to the defendant's alleged action against both the African-American male and the Caucasian female. Accordingly, the Court finds that the language in question does relate to an element of the

8

charged offense that the government will seek to prove at trial, and therefore the language at issue is not surplusage. Thus, the Court finds that the defendant's motion **[Doc. 19]** is not well taken, and the same is hereby **DENIED**.

Accordingly, it is **ORDERED**:

(1) The defendant's Motion for Discovery and Inspection **[Doc. 11]**, and Motion for Pretrial Notice of Government's Intent to Use Evidence **[Doc. 18]** are **DENIED as moot**;

(2) The defendant's Specific Brady Requests Nos. 1-3 [**Docs. 12, 14, and 15**] are **DENIED**;

(3) The defendant's Motion for Pretrial Notice of Government's Intent to Use 404 (B)-type Evidence **[Doc. 13]** is **DENIED**;

(4) The defendant's Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence **[Doc. 16]** is **DENIED**;

(5) The defendant's Motion for Agents, Officers, and Employees to Disclose and Provide Evidence in Their Possession, Custody, or Control to the Prosecuting Attorney **[Doc. 17]** is **DENIED**; and

(6) The defendant's Motion to Strike Surplusage **[Doc. 19]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton    
United States Magistrate Judge

9

Case 3:09-cr-00059-TWP-HBG   Document 26   Filed 08/20/09   Page 9 of 9   PageID #: 65