IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN D. ARCHER, )<br>)<br>Defendant. ) | No. 3:09-CR-59<br>(PHILLIPS/GUYTON) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the Government's Motion to Quash Subpoena [Doc. 107], filed on June 24, 2010. The Government asks the Court to quash the Defendant's subpoena for Special Agent K.T. Harper (Special Agent "Harper") of the Federal Bureau of Investigation (FBI). On June 21, 2010, the Defendant obtained the issuance of a subpoena for Special Agent Harper to testify at the June 29 trial of this case.

The Government contends that the subpoena should be quashed because the Defendant failed to comply with certain regulations promulgated by the Department of Justice relating to the testimony of an agency employee. The Defendant's Response [Doc. 111] concedes that the case law supports the Government's position; however, the Defendant asks the Court to "step beyond" the controlling legal authority and allow the subpoena in this case.

The Supreme Court has ruled that the Attorney General may lawfully make regulations instructing employees with regard to testifying in litigation. United States ex rel. Touhy v. Ragen, 340 U.S. 462, 470 (1951), see also 5 U.S.C. § 301. The Attorney General has established such regulations, which are found at 28 C.F.R. §§ 16.21 through 16.29 and are known as the Touhy regulations. The regulations set up a procedure by which Department of Justice officials make decisions about whether an employee called upon to testify in litigation is permitted to disclose the requested information, which information is summarized in a "demand" by the individual or entity seeking the information. See 28 C.F.R. §§ 16.21, *et seq.* Section 16.23(c) provides that

> [i]f oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c). Once the demand containing the summary of the testimony sought is submitted, the appropriate persons in the Department of Justice will make a decision about whether the testimony will be disclosed. See 28 C.F.R. § 16.22 and 16.24. The Court of Appeals for the Sixth Circuit has recognized that

> [t]he Department of Justice has a legitimate interest in regulating access to government information contained in its files or obtained by its employees during the scope of their official duties. Without a procedure governing demands by potential litigants, the efficiency of the Department could be greatly impaired. The question of whether these procedures deny the defendants their Sixth Amendment right to call and cross-examine witnesses is not reached until the defendants follow the procedures and then have their demands denied.

United States v. Marino, 658 F.2d 1120, 1125 (6th Cir. 1981).

In the present case, Special Agent Harper is a Department of Justice employee and, as such,

is subject to the Touhy regulations. The Government argues that the Defendant failed to comply with the requirements of the Touhy regulations because he did not submit a demand containing the summary of the testimony sought. Thus, the agency was not able to make a decision as to whether it would permit the testimony.

The Defendant argues that Special Agent Harper testified in the first trial of this case, which ended in a mistrial. Therefore, Defendant argues that the "nature of his expected testimony" is already known to both sides. Further, Defendant argues that the Government will be calling Special Agent Harper to testify at the trial, and Defendant should have "the same available witness."

The Court finds that the Sixth Circuit's holding in Marino completely rejects the Defendant's position, because the regulations themselves clearly require a written demand containing a summary of the testimony sought. See 28 C.F.R. § 16.23(c). Accordingly, the Court finds that the Defendant has failed to comply with the Touhy regulations and his subpoena for Special Agent Harper must be quashed. The Court must decline the Defendant's invitation to set aside the well-established legal authority and precedent which supports the Government's position.

The Government's Motion to Quash Subpoena [**Doc. 107**] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

                s/ H. Bruce Guyton
              United States Magistrate Judge